UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL TATE, SR., | No. 2:22-cv-0211 CKD P |
| Plaintiff, | |
| v. | ORDER |
| L. CHAVEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted the required screening and finds that plaintiff's complaint violates the federal rules concerning joinder of claims. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. In other words, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A. Conclusory allegations concerning a wide-ranging conspiracy are not sufficient to satisfy the joinder rules. For these reasons, plaintiff's complaint will be dismissed with leave to amend.

If plaintiff chooses to amend, plaintiff is informed as follows as to the contents of his amended complaint.

1. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit for damages under 42 U.S.C. §1983.

2. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3. The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

4. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

5. Plaintiff asserts violations of California law, but plaintiff fails to plead compliance with the California Tort Claims Act. Plaintiff is informed that before he may proceed on any claim arising under California law in this court he must comply with the terms of the California Tort Claims Act as to that claim, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must

present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

      6. In order to state a claim for retaliation under the First Amendment, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

      7. Plaintiff may not assert any claim which has already been litigated in a California or federal court. Ross v. Int'l Bhd. of Elec. Workers, 634 F.2d 453, 457 (9th Cir. 1980).

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's complaint is dismissed.

      2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 30, 2022

                                                                _/s/ Carolyn K. Delaney_
                                                           CAROLYN K. DELANEY
                                                           UNITED STATES MAGISTRATE JUDGE

1
tate0211.14