UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL TATE, SR., | No. 2:22-cv-0211 DJC CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| L. CHAVEZ, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On October 24, 2022, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court found that plaintiff could proceed against defendant Mann for claims arising under the Eighth Amendment and California negligence law regarding Mann's transporting of plaintiff to the Sierra Conservation Center on September 15, 2016.  Defendant Mann's motion for summary judgment (ECF No. 48) is before the court.

I. Summary Judgment Law

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents,

1

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

/////

Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## II. Eighth Amendment Claim

Defendant Mann argues that he is entitled to summary judgment as to plaintiff's Eighth Amendment claim because plaintiff did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The California Department of Corrections and Rehabilitation (CDCR) provides prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

At the time of the events giving rise to plaintiff's claim, California prisoners were required to submit appeals within thirty days of the event being appealed, and the process was initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(b). There were three levels of appeal and third level of review exhausted administrative remedies. Id. at §§ 3084.7, 3084.7(d)(3).

1    Defendant points to evidence indicating that plaintiff never filed a grievance as to any
2 aspect of defendant's transportation of plaintiff to the Sierra Conservation Center on September
3 15, 2016.  ECF No. 48-4 at 1-24.  In his opposition to defendant's motion for summary judgment,
4 plaintiff does not deny that he failed to submit a grievance, does not argue that administrative
5 remedies were somehow unavailable to him, and does not provide any evidence that he did
6 exhaust available administrative remedies.  Accordingly, defendant Mann is entitled to summary
7 judgment as to plaintiff's remaining Eighth Amendment claim based upon plaintiff's failure to
8 exhaust available administrative remedies.

9 III.  Negligence Claim

10    As for plaintiff's negligence claim, defendant argues that plaintiff did not comply with the
11 California Government Claims Act, which requires that before a claim arising under California
12 law can be asserted in court against a state employee, the claim must be presented to the
13 "California Government Claims Program."  See Cal. Gov't Code § 810 et seq.  Defendant
14 provides an affidavit from a Government Claims Program employee indicating that plaintiff never
15 submitted a claim as to anything that occurred in September, 2016.  ECF No. 48-4 at 25.

16     In his opposition to defendant's motion for summary judgment, plaintiff asserts that he
17 sent a claim to the California Victim Compensation and Government Claims Board.  ECF No. 49
18 at 3.  However, that entity was dissolved on June 27, 2016, before the events forming the basis of
19 plaintiff's negligence claim occurred.  As of that date, claims presented pursuant to the
20 "California Government Claims Program" had to be submitted to the California Department of
21 General Services.  See Cal. Gov't Code § 900.2.

22 IV.  Conclusion

23    There being no genuine issue of material fact as to plaintiff's failure to exhaust available
24 administrative remedies with respect to his Eighth Amendment claim, and plaintiff's failure to
25 present his negligence claim in accordance with the California Government Claims Act,
26 defendant Mann is entitled to summary judgment; the court need not respond to the other
27 arguments raised by Mann in his motion.
28    Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Mann's motion for summary judgment (ECF No. 48) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tate0211.msj

5